IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 22, 2010

## STATE OF TENNESSEE v. AULTON CODY BARNES

**Appeal from the Circuit Court for Warren County**
**No.  M-11986    Larry B. Stanley, Jr., Judge**

---

**No.  M2009-01981-CCA-R3-CD - Filed September 15, 2010**

---

On March 6, 2009, the Warren County Grand Jury indicted Appellant, Aulton Cody Barnes, for indecent exposure.  On May 28, 2009, Petitioner entered an open plea to the charge.  On September 22, 2009, the trial court entered a judgment sentencing Petitioner to six months with thirty days to be served in incarceration and the remainder to be served on probation.  Appellant appeals his sentence arguing that the trial court erred in failing to grant him full probation or, in the alternative, grant him judicial diversion.  We have reviewed the record presented on appeal and conclude that the trial court did not err.  Therefore, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and J.C. MCLIN, JJ., joined.

Robert T. Carter, Tullahoma, Tennessee, for the appellant, Aulton Cody Barnes.

Robert E. Cooper, Jr., Attorney General and Reporter; Brian Clay Johnson, Assistant Attorney General; Dale Potter, District Attorney General, and Lisa Zavogiannis, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL BACKGROUND

The record on appeal does not contain a transcript of the proceedings below.  The following underlying facts were submitted as a "STATEMENT OF EVIDENCE IN LIEU OF TRANSCRIPT":

The Defendant, Cody Barnes was arrested on January 23, 2009, by an off duty Warren County Investigator.

Barnes was in the Wal-Mart in McMinnville at about 5:00 p.m. on a Friday evening. He approached and struck up a conversation with the investigator regarding "x-rated movies."

During the conversation, the investigator noticed Barnes' pants were open and his genitals were exposed. Upon seeing this, the investigator arrested Barnes for indecent exposure.

The Warren County Grand Jury indicted Barnes for the instant offense on March 6, 2009. Therefore, on May 27, 2009, Barnes entered an open plea to indecent exposure and the matter was continued to several weeks for a sentence hearing.

After discussing the matter with family members, Barnes, through counsel, attempted to have his plea set aside. The judge refused to do so and conducted the sentence hearing.

The judge considered the testimony of the investigator and Barnes, who testified he worked for the State of Tennessee and had no prior record.

Barnes asked the judge to suspend his sentence and place[d] him on judicial diversion in view of his lack of record. The judge refused to do so, sentencing him to eleven (11) months and twenty-nine (29) days suspended a[fter] jail[] service of 30 days. He also denied Barnes [sic] request for judicial diversion.

The trial court entered its judgment on September 22, 2009. According to the judgment, Appellant pled guilty to indecent exposure, as Class B misdemeanor. The trial court sentenced Appellant to six months with thirty days to be served in incarceration and the remainder to be served on probation. Appellant filed a timely notice of appeal.

## ANALYSIS

On appeal, Appellant argues that the trial court erred in denying full probation and in denying judicial diversion. The State argues that the trial court's judgment should be affirmed.

As stated above, there is no transcript of the proceedings below. However, Appellant has submitted a "Statement of the Evidence" pursuant to Rule 24(c) of the Tennessee Rules of Appellate Procedure which states:

(c) Statement of the Evidence When No Report, Recital, or Transcript Is Available. If no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available, the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. The statement, certified by the appellant or the appellant's counsel as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 90 days after filing the notice of appeal. Upon filing the statement, the appellant shall simultaneously serve notice of the filing on the appellee, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal. Proof of service shall be filed with the clerk of the trial court with the filing of the statement. If the appellee has objections to the statement as filed, the appellee shall file objections thereto with the clerk of the trial court within fifteen days after service of the declaration and notice of the filing of the statement. Any differences regarding the statement shall be settled as set forth in subdivision (e) of this rule.

The defendant has presented only the statement of the evidence to support his claim that the trial court erred in denying him full probation and, in the alternative, judicial diversion. Appellant has not included a presentencing report or a transcript of the proceedings in the record. The Statement of the Evidence is merely a recitation of what is included on the judgment forms. Rule 24(c) states, "The statement [of the evidence] should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." The Statement of the Evidence provided by the defendant does not include any information as to what factors the trial court considered in sentencing the defendant.

Appellant pled guilty to indecent exposure found at Tennessee Code Annotated section 39-13-511(b). Indecent exposure under the facts presented is a misdemeanor. T.C.A. § 39-13-511(b)(1). There is a presumption of correctness that the misdemeanor sentencing determinations of the trial court are valid in the absence of a record to the contrary. *State v. Troutman*, 979 S.W.3d 271, 274 (Tenn. 1998). With the record presented before us, we are unable to determine what factors the trial court considered or did not consider when sentencing the defendant. Therefore, we must conclude that the trial court was correct in sentencing the defendant.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE

-3-